FILED
JANUARY 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 393**

| | |
|---|---|
| IP INNOVATION LLC, and TECHNOLOGY LICENSING CORPORATION | ) ) ) |
| Plaintiffs, | ) ) ) |
| | ) JURY TRIAL DEMANDED  **JUDGE ST. EVE** |
| vs. | ) **MAGISTRATE JUDGE COX** ) ) ) ) |
| MITSUBISHI ELECTRIC CORPORATION, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, IP Innovation L.L.C. ("IP"), and Technology Licensing Corporation ("TLC") complain of defendant Mitsubishi Electric Corporation ("Mitsubishi"), as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

2. IP is a Texas limited liability company, with its principal place of business at 707 Skokie Boulevard, Suite 600, Northbrook, IL 60062.

3. TLC is a Nevada corporation and has its principal place of business at 1000 E. William Street, Suite 204, Carson City, NV 89701.

4. IP and TLC together own the full and exclusive right, title and interest in and have standing to sue for infringement of the following patents:

| United States Patent No. 5,424,780 C1 | "Apparatus and Method for Spatial Scan Modulation of a Video Display," which issued June 13, 1995 and, after a reexamination by the Patent and Trademark Office, was confirmed and found valid and patentable a second time on July 23, 2002 ("the '780 Patent"), and |
| --- | --- |
| United States Patent No. 6,529,637 B1 | "Spatial Scan Replication Circuit," which issued March 4, 2003 ("the '637 Patent"), and |
| United States Patent No. 6,870,964 | "Spatial Scan Replication Circuit," which issued March 22, 2005 ("the '964 Patent") |

5.  Mitsubishi is an alien corporation organized and existing under the laws of Japan and having its primary place of business at Tokyo Building, 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan.

6.  Mitsubishi has sold or offered to sell products that infringe the '780, '637, and '964 patents within this judicial district, and has advertised the sale of such products in this judicial district.

7.  Venue is proper in this district under 28 U.S.C. § 1400(b).

**PATENT INFRINGEMENT**

8.  Mitsubishi has infringed the '780, '637, and '964 patents at least by making, using, importing, selling or offering to sell, and/or by inducing, aiding and abetting, encouraging or contributing to others' use of, among other products, television products, DVD products, and projector products that fall within the scope of one or more claims of the patents.

9.  Mitsubishi received written notice of its infringement, pursuant to 35 U.S.C. § 287(a), at least as early as June 22, 2006. Mitsubishi's continued infringement is objectively reckless and willful.

10.     Mitsubishi's acts of infringement have injured Plaintiffs, and Plaintiffs are entitled to recover damages adequate to compensate them for the infringement that has occurred, but in no event less than a reasonable royalty.

11.     The infringement by Mitsubishi has injured and will continue to injure Plaintiffs for all of Plaintiffs' patents, unless and until such infringement is enjoined by this Court.

WHEREFORE, Plaintiffs, IP Innovation and Technology Licensing Corporation respectfully request judgment against Mitsubishi and its subsidiaries and affiliates as follows:

A.     An award of damages adequate to compensate plaintiffs for the infringement that has occurred, together with prejudgment interest from the date infringement of the patents began and through the lifetimes of the respective patents;

B.     Any other damages permitted, including any for willful infringement, under 35 U.S.C. § 284;

C.     A finding that this case is exceptional and an award to plaintiffs of their attorneys' fees and expenses as provided by 35 U.S.C. § 285;

D.     An injunction permanently prohibiting Mitsubishi and all persons in active concert or participation with it, from further acts of infringement of the patents; and

E.     Such other and further relief as this Court or a jury may deem proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

                              Respectfully submitted,

                              s/Douglas M. Hall
                              Raymond P. Niro
                              Joseph N. Hosteny
                              Arthur A. Gasey
                              Paul C. Gibbons
                              Douglas M. Hall
                              David J. Mahalek
                              Niro, Scavone, Haller & Niro
                              181 West Madison, Suite 4600
                              Chicago, Illinois 60602
                              Telephone: (312) 236-0733
                                  Attorneys for IP Innovation LLC, and
                              Technology Licensing Corporation