IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IP INNOVATION LLC, and TECHNOLOGY LICENSING CORPORATION | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 393 |
| vs. | ) ) ) | Judge St. Eve Magistrate Judge Cox |
| VIZIO, INC. (f/k/a V, Inc.), and MICROSOFT CORPORATION, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Plaintiffs and Defendants submit the following joint status report:

**1.    The Nature of the Case**

    **A.    Attorneys of Record**

The attorneys of record for Plaintiffs are Raymond P. Niro, Joseph N. Hosteny, Arthur A. Gasey, Paul C. Gibbons, Douglas M. Hall, David J. Mahalek, and Tahiti Arsulowicz and the lead attorney for Plaintiffs is Raymond P. Niro. The attorneys of record for VIZIO, Inc. ("VIZIO") are John N. Zarian and Dana M. Herberholz. John N. Zarian is the lead attorney for VIZIO. The attorneys of record for Microsoft Corporation ("Microsoft") are David T. Pritikin, Richard A. Cederoth, Laura L. Donoghue, and Jamie L. Secord. David T. Pritikin is the lead attorney for Microsoft.

    **B.    Basis for Federal Jurisdiction**

This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

### C. Nature of the Claims

This case involves a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. Specifically, Plaintiffs assert causes of action against Defendants arising from Defendants' alleged infringement of various claims in U.S. Patent No. 5,424,780 ("the '780 Patent"); U.S. Patent No. 6,529,637 ("the '637 Patent"); U.S. Patent No. 6,870,964 ("the '964 Patent") and U.S. Patent No. 7,382,929 ("the '929 Patent") (collectively "the Patents-in-Suit") against Defendant VIZIO's television products and Defendant Microsoft's Xbox 360 consoles. Defendants each deny infringement and allege various other affirmative defenses, including but not limited to inequitable conduct, invalidity of the Patents-in-Suit, and unenforceability of the Patents-in-Suit. Defendants have filed counterclaims seeking declaratory judgments of non-infringement, invalidity, unenforceability, and other claims for relief set forth in Defendants' respective pleadings, including without limitation that collateral estoppel and the doctrine of infectious unenforceability bar enforcement of the Patents-in-Suit.

### D. Major Legal and Factual Issues

The major factual and legal issues in the case are infringement, willfulness, damages, invalidity, unenforceability, collateral estoppel, and infectious unenforceability. Infringement is a two-part analysis. First, the claims are construed as a matter of law. Second, the claims as properly construed must be applied to the accused systems and services. This is an issue of fact. With respect to willfulness, the principal issue is whether each Defendant acted despite an objectively high likelihood that its conduct constituted infringement of a valid patent. Willfulness is an issue of fact. With respect to damages, if

the patents are valid and are proven infringed, the principal issue is the amount of damages that are adequate to compensate Plaintiffs for the infringement that has occurred. This, too, is an issue of fact, and Plaintiffs will require discovery from Defendants relating to damages.

Damages cannot be recovered for any infringement occurring more than six years prior to the filing of the complaint (35 U.S.C. § 286) or under circumstances where Plaintiffs are estopped from obtaining recovery due to inaction with respect to asserting of their infringement allegations.

Since invalid patent claims cannot be infringed, it must also be determined whether claims being asserted by plaintiffs meet the validity tests imposed by 35 U.S.C.§§ 102, 103 and 112. Defendants bear the burden of proof on their invalidity defenses.

To prove inequitable conduct, one must prove that the inventor, and/or attorneys or other individuals involved in the prosecution and/or reexamination of one or more patents, breached the duty of candor and good faith to the United States Patent and Trademark Office ("the PTO") by failing to disclose material information, or submitting false material information, with an intent to deceive the PTO.

With respect to infectious unenforceability, a patent may be held unenforceable in certain circumstances where the applicant engaged in inequitable conduct with respect to the prosecution of a related application and the inequitable conduct relates to the asserted claims of that patent.

      **E.**    **Relief Sought**.

As set forth in 35 U.S.C. § 284, Plaintiffs seek monetary damages that are "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the

use made of the invention by the infringer, together with interest and costs as fixed by the court."

Defendants seek declaratory judgments of non-infringement, invalidity, and unenforceability of the Patents-in-Suit, as well as costs and attorneys' fees pursuant to 35 U.S.C. § 285. Defendant Microsoft also seeks declaratory judgments that collateral estoppel and the doctrine of infectious unenforceability bar the enforcement of the Patents-in-Suit.

**2.** **Pending Motions and Case Plan**

    **A.** **Pending Motions**

There is one pending motion - *Plaintiffs' Motion To Withdraw Two Patents Without Prejudice And For Leave To File A Second Amended Complaint*.

    **B.** **Type of Discovery**

The parties agree that discovery will be needed on the following subjects: (1) whether the Patents-in-Suit cover, either literally or under the doctrine of equivalents, each of Defendant's accused products; (2) whether the Patents-in-Suit are invalid or unenforceable; and (3) what amount of damages the Plaintiffs are entitled to resulting from any liability for infringement.

        **i.** **Plaintiffs' Discovery**

With respect to the issue of infringement, Plaintiffs contend that they will need discovery on the design and operation of the accused products including, but not limited to, the design, development, operation, and function of Defendants' products containing video noise reduction and/or oversampling and interpolation circuits.

With respect to the issue of willfulness, Plaintiffs contend that they will need discovery on the Defendants' knowledge of and attempts (if any) to avoid infringement

including, without limitation, any opinions, studies or analysis relating to the asserted patents.

With respect to the issue of damages, Plaintiffs contend that they will need discovery on the revenues and profits attributable to the accused products including, without limitation, Defendants' internal financial statements.

### ii. Defendants' Discovery

Defendants contend that they will need discovery on at least the following subjects:

1) Facts and circumstances relating to the purported conception and reduction to practice of the subject matter disclosed and claimed in the Patents-in-Suit;

2) Facts and circumstances relating to prosecution of the Patents-in-Suit and any related patents, patent applications and/or foreign counterparts;

3) Facts and circumstances relating to Plaintiffs' acquisition of the Patents-in-Suit;

4) Facts and circumstances relating to the exploitation and licensing of the Patents-in-Suit by Plaintiffs and their predecessors-in-interest;

5) Facts and circumstances relating to whether the Patents-in-Suit are valid;

6) Prior art to the Patents-in-Suit;

7) Plaintiffs' and their predecessors-in-interests' knowledge of the prior art;

8) Facts and circumstances relating to whether the Patents-in-Suit are enforceable against any Defendant;

9) Facts and circumstances relating to whether Plaintiffs are entitled to damages, and if so, the extent of such damages;

10) Facts and circumstances relating to whether Plaintiffs are entitled to injunctive relief, and if so, the nature and scope of such injunctive relief;

11) The ownership of the Patents-in-Suit;

12) The acquisition of the patents by Plaintiffs and related companies;

13) Knowledge by the owners of the Patents-in-Suit of Defendants' allegedly infringing activity;

14) Facts and circumstances relating to the payment of maintenance fees for the Patents-in-Suit by Plaintiffs and their predecessors-in-interest;

15) Licensing of the Patents-in-Suit;

16) Facts and circumstances relating to whether Plaintiffs delayed in filing this lawsuit; and

17) Facts and circumstances relating to whether Plaintiffs engaged in inequitable conduct before the PTO.

**C.    Rule 26(a)(1) Disclosures**

The parties' Rule 26(a)(1) disclosures are due on **December 3, 2008**.

**D.    Fact Discovery Completion Date**

All fact discovery must be commenced in time to be completed by **July 31, 2009**.

### E. Expert Discovery Dates

Expert discovery must be completed by **November 30, 2009**.

Reports from retained experts under Rule 26(a)(2) due as follows:

Each party bearing burden of proof on issue (i.e., Plaintiffs on infringement and damages and Defendants on invalidity and unenforceability) by **August 28, 2009**;

Rebuttal reports due **September 29, 2008**;

Supplemental reports under Rule 26(e) are due within 21 days.

### F. Dispositive Motions

Dispositive Motions are due on **December 30, 2009**.

### G. Final Pretrial Order Date

The Final Pretrial Order is due **February 15, 2010**.

### H. Claim Construction

Pursuant to Judge St. Eve's Standing Orders and discussions between counsel, the parties propose that they shall exchange a preliminary claim chart of proposed terms for the Court to construe, and their proposed constructions for those terms, including the identity of any claim element which the party contends should be governed by 35 U.S.C. § 112(6) by **February 20, 2009**. In accordance with Judge St. Eve's Standing Order for Patent Claim Construction Proceedings, the remaining claim construction dates and activities are set forth in the chart below:

| | Claim Construction Activity | Proposed Deadline |
|---|---|---|
| 1. | At a date set by Judge St. Eve, the parties shall exchange a preliminary claim chart of proposed terms for the Court to construe, and their proposed constructions for those terms, including the identity of any claim element which the party contends should be governed by 35 U.S.C. § 112(6). | 2/20/09 |

| **Claim Construction Activity** | **Proposed Deadline** |
|---|---|
| 2. Within two weeks of the exchange of the preliminary claim construction chart, the parties shall **meet** and confer regarding the claim terms and determine which claim terms are in dispute. Subsequent to this meeting, at a date set by Judge St. Eve, the parties shall submit a joint claim construction chart identifying all relevant claim terms. The joint chart shall set forth all agreed constructions and all claim terms that remain in dispute and require construction by the court. | 3/6/09 – Meet and confer<br><br>3/13/09 – Submission of joint claim construction chart |
| 3. Twenty-one days after filing the joint claim construction chart, the patentee must file its opening claim construction brief and supporting evidence. For each element the patentee claims is governed by 35 U.S.C. § 112(6), the opening claim construction brief must include the claimed function of that element and must identify the structure(s), act(s), or material(s) corresponding to that element. | 4/3/09 |
| 4. The accused infringer must file its responsive brief and supporting evidence twenty-one days after the opening brief is served. A responsive brief is limited to 25 pages. For each element the accused infringer claims is governed by 35 U.S.C. § 112(6), the responsive brief must include the claimed function of that element and must identify the structure(s), act(s), or material(s) corresponding to that element. | 4/24/09 |
| 5. The patentee may file a reply brief and supporting evidence directly rebutting the opposing party's response fourteen days after the responsive brief is served. Reply briefs are limited to 15 pages. | 5/8/09 |
| 6. Seven days after the patentee files its reply brief, the parties must file an amended, final joint claim construction chart identifying the remaining disputed claim terms and each party's proposed construction, and any agreed upon constructions. | 5/15/09 |
| 7. Two weeks before the claim construction hearing, the parties must file a Joint Pre-hearing Statement with the following information:<br><br>A. The anticipated length of time anticipated for a claim construction hearing;<br><br>B. The identity of any witnesses each party intends to call at such a hearing; and<br><br>C. A brief summary of the nature of each witness's testimony, and the anticipated length of such testimony. | 5/15/09 |
| 8. Claim Construction Hearing | On or about 5/29/09 (based upon the Court's availability) |

**I.     Other Items**

The parties have until **February 27, 2009** to join additional parties and until **March 27, 2009** to amend the pleadings.

**J.     Trial**

All parties have requested a jury trial. Plaintiffs will require three trial days for its case-in-chief. The Defendants will require five to ten trial days to present their defenses. The case should be ready for trial by **March 15, 2010**.

**3.     Consent to Proceed Before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge for trial.

**4.     Status of Settlement Discussions**

No settlement discussions have taken place between the parties. Plaintiffs will participate in any settlement conference with any Defendant who is serious about pursuing a settlement. In Plaintiffs' view, the time to discuss settlement is now, before the parties have invested substantial resources on litigation. Obviously, the motivation to settle will likely decrease as the parties are forced to litigate their claims over an extended period of time.

Respectfully Submitted,

/s/ Douglas M. Hall
Raymond P. Niro
Arthur A. Gasey
Paul C. Gibbons
Douglas M. Hall
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602
Telephone: 312-236-0733
Fax: 312-236-3137

/s/ Dana M. Heberholz
Dana M. Heberholz
John N. Zarian
Zarian Midgley & Johnson PLLC
960 Broadway Ave., Suite 250
Boise, ID 83706
Tel: 208-562-4900
**ATTORNEYS FOR VIZIO**

**ATTORNEYS FOR PLAINTIFFS**


<u>/s/ Richard A. Cederoth</u>
David T. Pritikin
Richard A. Cederoth
Laura L. Donoghue
Jamie L. Seacord
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
Tel:  312-853-7000
Fax:  312-853-7036
**ATTORNEYS FOR MICROSOFT CORP.**

## **CERTIFICATE OF SERVICE**

The undersigned attorney of record hereby certifies that a copy of the foregoing **JOINT INITIAL STATUS REPORT** was filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following at their email address on file with the Court on November 3, 2008.

| | |
|---|---|
| Dana M. Heberholz | David T. Pritikin |
| John N. Zarian | Richard A. Cederoth |
| Zarian Midgley & Johnson PLLC | Laura L. Donoghue |
| 960 Broadway Avenue, Suite 250 | Jamie L. Seacord |
| Boise, ID  83706 | Sidley Austin LLP |
| Tel:  208-562-4900 | One South Dearborn |
| | Chicago, IL  60603 |
| Gary I. Blackman | Tel:  312-853-7000 |
| Mitchell J. Weinstein | Fax: 312-853-7036 |
| Karen A. Kawashima | |
| Levenfeld Pearlstein, LLC | **Attorneys for Microsoft Corp.** |
| 2 N. LaSalle Street | |
| Suite 1300 | |
| Chicago, IL  60602 | |
| Tel:  312-346-8380 | |
| | |
| **Attorneys for Vizio, Inc.** | |

/s/ Douglas M. Hall