IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IP INNOVATION LLC, and<br>TECHNOLOGY LICENSING<br>CORPORATION<br><br>                    Plaintiffs,<br><br>vs.<br><br>VIZIO, INC. (f/k/a V, INC.), and<br>MICROSOFT CORPORATION,<br><br>                    Defendants. | No.  08 C 393<br><br>Judge St. Eve<br>Magistrate Judge Cox<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY TO MICROSOFT CORPORATION'S
COUNTERCLAIMS TO SECOND AMENDED COMPLAINT**

Plaintiffs reply to Microsoft Corporation's counterclaims as follows:

**PARTIES**

1. Microsoft is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Redmond, Washington.

**RESPONSE:**

Plaintiffs admit Defendant Microsoft is a corporation incorporated under the laws of the State of Washington and with a headquarters at said address. Plaintiffs lack knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

2. On information and belief, IP is a Texas limited liability company, with its principal place of business at 707 Skokie Boulevard, Suite 600, Northbrook, IL 60062.

**RESPONSE:**

Admitted.

3. On information and belief, TLC is a Nevada corporation and has its principal place of business at 1000 E. William Street, Suite 204, Carson City, NV 89701.

**RESPONSE:**

Admitted.

## JURISDICTION AND VENUE

4. Microsoft repeats and realleges the allegations of paragraphs 1 through 3 of these Counterclaims in their entirety.

**RESPONSE:**

Plaintiffs incorporate and reallege their responses to paragraphs 1-3 of the Microsoft counterclaims as though fully set forth herein; no response is necessary to paragraphs 1-45 of Microsoft's answer and affirmative defenses.

5. This is an action for declaratory judgment of noninfringement, invalidity, and unenforcability arising under the patent laws of the United States, 35 U.S.C. 1, *et seq*, and the Declaratory Judgment Act, 28 U.S.C. § 2201-2202. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 & 1338(a).

**RESPONSE:**

Denied.

6. Personal jurisdiction and venue are proper in this district because IP and TLC have consented to jurisdiction in this district by filing suit against Microsoft in this Court.

**RESPONSE:**

Admitted that jurisdiction and venue are proper in this district.

## FIRST COUNT
### (Declaratory Judgment of Non-Infringement of the '964 and '929 patents)

7. Microsoft repeats and realleges the allegations of paragraphs 1 through 6 of these Counterclaims in their entirety.

**RESPONSE:**

Plaintiffs incorporate and reallege their responses to paragraphs 1-6 of the Microsoft counterclaims as though fully set forth herein; no response is necessary to paragraphs 1-45 of Microsoft's answer and affirmative defenses.

8. On information and belief, IP and TLC claim that that (sic) together they own the full and exclusive right, title and interest in and have standing to sue for infringement of the following patents:

| United States Patent No. 6,870,964 | "Spatial Scan Replication Circuit," which issued March 22, 2005 ("the '964 patent") |
| United States Patent No. 7,382,929 | "Spatial Scan Replication Circuit," which issued June 3, 2008 ("the '929 Patent") |

**RESPONSE:**

   Admitted.

9. IP and TLC have expressly charged Microsoft with infringement of the '964, and '929 patents by filing a Second Amended Complaint against Microsoft on November 4, 2008.

**RESPONSE:**

   Admitted.

10. Microsoft has not been and is not now infringing, contributorily infringing, or inducting infringement of any claims of the '964 and '929 patents. In light of IP's and TLC's Second Amended Complaint, there exists an actual controversy between Microsoft and both IP and TLC regarding these patents.

**RESPONSE:**

   Denied.

11. Accordingly, a valid and justiciable controversy has arisen between Microsoft and IP and TLC. Microsoft desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

**RESPONSE:**

   Denied.

## SECOND COUNT
### (Declaratory Judgment of Invalidity of the '964, and '929 patents)

12. Microsoft repeats and realleges the allegations of paragraphs 1 through 11 of these Counterclaims in their entirety.

**RESPONSE:**

Plaintiffs incorporate and reallege their responses to paragraphs 1-11 of the Microsoft counterclaims as though fully set forth herein; no response is necessary to paragraphs 1-45 of Microsoft's answer and affirmative defenses.

13. Microsoft contends that the claims of the '964, and '929 patents are invalid for failure to comply with the conditions of patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 113, and 133.

**RESPONSE:**

Admitted that these are Microsoft's contentions; otherwise, denied.

## THIRD COUNT
### (Declaratory Judgment that IP and TLC lack Standing to bring a Claim for Infringement of the '964, and '929 patents)

14. Microsoft repeats and realleges the allegations of paragraphs 1 through 13 of these Counterclaims in their entirety.

**RESPONSE:**

Plaintiffs incorporate and reallege their responses to paragraphs 1-13 of the Microsoft counterclaims as though fully set forth herein; no response is necessary to paragraphs 1-45 of Microsoft's answer and affirmative defenses.

15. On information and belief, Microsoft contends that IP and TLC lack sufficient ownership, title and interest in the '964, and '929 patents to bring an action for infringement of those patents.

**RESPONSE:**

Denied that Plaintiffs lack sufficient ownership, title and interest in the '964 and '929 patents.

4

16. Microsoft is informed and believes, and on that basis alleges that IP and TLC contend they own the full and exclusive right, title and interest in and have standing to sue for infringement the '964, and '929 patents.

**RESPONSE:**

Admitted that Plaintiffs own the full and exclusive right, title and interest in and have standing to sue for infringement the '964, and '929 patents; Plaintiffs lack knowledge sufficient to form a belief of what Microsoft is informed and believes.

### FOURTH COUNT

**(Declaratory judgment that Plaintiffs are barred from enforcing the '964, and '929 patents under the Doctrine of Laches)**

17. Microsoft repeats and realleges the allegations of paragraphs 1 through 16 of these Counterclaims in their entirety.

**RESPONSE:**

Plaintiffs incorporate and reallege their responses to paragraphs 1-16 of the Microsoft counterclaims as though fully set forth herein; no response is necessary to paragraphs 1-45 of Microsoft's answer and affirmative defenses.

18. On information and belief, Microsoft contends that IP and TLC have inexcusably delayed filing this suit for an unreasonable period of time to the material prejudice of Microsoft and are now barred from recovery.

**RESPONSE:**

Denied.

### FIFTH COUNT

**(Declaratory Judgment that IP and TLC are Barred by License, Estoppel, and/or Waiver from enforcing the '964, and '929 patents)**

19. Microsoft repeats and realleges the allegations of paragraphs 1 through 18 of these Counterclaims in their entirety.

**RESPONSE:**

Plaintiffs incorporate and reallege their responses to paragraphs 1-18 of the Microsoft counterclaims as though fully set forth herein; no response is necessary to paragraphs 1-45 of Microsoft's answer and affirmative defenses.

20.   On information and belief, Microsoft contends the claims of the '964, and '929 patents are barred by license, estoppel and/or waiver.

**RESPONSE:**

Denied.

### SIXTH COUNT
**(Declaratory Judgment of Unenforceability of the '964, and '929 patents)**

21.   Microsoft repeats and realleges the allegations of paragraphs 1 through 20 of these Counterclaims in their entirety.  Microsoft repeats and realleges the allegations, facts and circumstances of paragraphs 18 through 41 of its Answer in their entirety.

**RESPONSE:**

Plaintiffs incorporate and reallege their responses to paragraphs 1-20 of the Microsoft counterclaims as though fully set forth herein; no response is necessary to paragraphs 1-45 of Microsoft's answer and affirmative defenses.

22.   Microsoft contends with particularity that inequitable conduct was committed during prosecution and re-examination of the '780 patent and prosecution of the '637, '929 and '964 patents.  As a result of this conduct all four patents are unenforceable.  The '964 and '929 patents are also unenforceable based on the doctrine of infectious unenforceability because their claims have an immediate and necessary relation to the inequitable conduct committed during prosecution and re-examination of '780 and '964 patents.

**RESPONSE:**

Denied.

6

## SEVENTH COUNT

### (Declaratory Judgment that Collateral Estoppel and the Doctrine of Infectious Unenforceability bar enforcement of the '964 and '929 patents)

23.     Microsoft repeats and realleges the allegations of paragraphs 1 through 22 of these Counterclaims in their entirety.  Microsoft repeats and realleges the allegations, factors and circumstances of paragraphs 18 through 41 of its Answer in their entirety.

**RESPONSE:**

Plaintiffs incorporate and reallege their responses to paragraphs 1-22 of the Microsoft counterclaims as though fully set forth herein; no response is necessary to paragraphs 1-45 of Microsoft's answer and affirmative defenses.

24.     On October 16, 2008, Judge Richard A. Posner, sitting by designation, found that the '780 and '637 patents are unenforceable based on inequitable conduct committed before the PTO.  (No. 05-C-5620, Dkt. No. 857).

**RESPONSE:**

Admitted.

25.     IP and TLC were parties to the prior action in which the Court held the patents unenforceable and they were represented by counsel during the litigation of that issue.

**RESPONSE:**

Admitted.

26.     The Court's decision that the patents are unenforceable was made after a bench trial in which IP and TLC, through counsel, presented testimony, documents, argument, and briefing.  IP and TLC had a full and fair opportunity to litigate the merits of whether inequitable conduct occurred and barred enforcement of the patents at that time and did so.

**RESPONSE:**

Admitted that an evidentiary hearing occurred; otherwise denied.

27. Judge Posner's order declaring the '780 and '637 patents unenforceable will prevent IP and TLC from obtaining a judgment in that action that those patents were infringed.

**RESPONSE:**

Denied.

28. IP and TLC are, thus, barred by the doctrine of collateral estoppel from asserting that the '780 and '637 patents are enforceable in this action.

**RESPONSE:**

Admitted that Plaintiffs withdrew the '780 and '637 patents from this case; otherwise denied.

29. The claims of the '964 and '929 patents bear an immediate and necessary relation to the fraud found by Judge Posner in connection with the re-examination of the '780 patent and the prosecution of the '637 patent and are unenforceable by reason of infectious unenforceability.

**RESPONSE:**

Denied.

30. Microsoft is informed and believes, and on that basis alleges, that IP and TLC contend that the '964, and '929 patents are valid and enforceable.

**RESPONSE:**

Admitted that Plaintiffs believe the '964 and '929 patents are valid and enforceable; Plaintiffs lack knowledge sufficient to form a belief of what Microsoft is informed and believes.

## **ADDITIONAL DEFENSES**

1. Microsoft's pleading fails to state claims upon which relief can be granted,

i.e., claims for non-infringement, invalidity, and unenforceability of the patents-in-suit.

2.     Microsoft's pleading fails to state a justiciable controversy on any issue of non-infringement, invalidity, or unenforceability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment in their favor on Microsoft's counterclaims, including declaratory judgment that the patents-in-suit are not infringed, invalid, and unenforceable, an award of its costs, fees, and expenses as provided by law, and any other and further relief to which Plaintiffs may be entitled to, or the Court or a jury may award.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ Paul C. Gibbons
Raymond P. Niro
Arthur A. Gasey
Paul C. Gibbons
Douglas M. Hall
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL  60602
Telephone:  312-236-0733
Fax:  312-236-3137
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that a copy of the foregoing **PLAINTIFFS' REPLY TO MICROSOFT CORPORATION'S COUNTERCLAIMS TO SECOND AMENDED COMPLAINT** was filed with the clerk of the court using CM/ECF system, which will send notification of such filing to the following at their email address on file with the court on December 2, 2008.

| | |
|---|---|
| Dana M. Heberholz<br>John N. Zarian<br>Zarian Midgley & Johnson PLLC<br>960 Broadway Avenue, Suite 250<br>Boise, ID  83706<br>Telephone:  208-562-4900<br><br>Gary I. Blackman<br>Mitchell J. Weinstein<br>Karen A. Kawashima<br>Levenfeld Pearlstein, LLC<br>2 N. LaSalle Street<br>Suite 1300<br>Chicago, IL  60602<br>Telephone: 312-346-8380<br><br>**Attorneys for Vizio, Inc.** | David T. Pritikin<br>Richard A. Cederoth<br>Laura L. Donoghue<br>Jamie L. Seacord<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL  60603<br>Tel:  312-853-7000<br>Fax:  312-853-7036<br><br>**Attorneys for Microsoft Corp.** |

/s/ Paul C. Gibbons